CULPEPPER, Judge
(concurring).
The majority opinion cites but does not expressly approve or disapprove the Gore case and its progeny. Instead, the majority has chosen to distinguish those cases on the grounds that they involved damages to buildings, parked automobiles and pedestrians, whereas the present case involves personal injuries to passengers in the two colliding vehicles. It appears the rationale of this distinction is that a pedestrian, or the owner of a parked car or building, is not in a position to know how the accident occurred, whereas passengers in the vehicles are in as good a position as the drivers to know the cause of the accident.
I find it unnecessary to make any such distinction because I do not accept the Gore case and its progeny as the settled jurisprudence of this state. Our Supreme Court has not approved the Gore doctrine and, as noted in the majority opinion, our Courts of Appeal are in conflict on this concept. For the reasons which have been fully elucidated in Nelson v. Zurich Ins. Co., *601 La.App., 165 So.2d 489 (2d Cir. 1964; reversed on other grounds at 247 La. 438, 172 So.2d 70) I think the doctrine of the Gore case is in effect an entirely unwarranted extension of res ipsa loquitur, for which there is no sound authority in this or any other jurisdiction.
I agree with the majority opinion that the plaintiffs here have failed to prove negligence on the part of either of the two drivers. There is no physical evidence which is of assistance and the testimony is in such hopeless conflict that we are unable to determine how the accident occurred. I therefore concur in the decree.